UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| AXIS DYNAMICS, INC., *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | Case No. 3:24-cv-329 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| KNOX COUNTY, TENNESSEE, *et al.*, | ) | Magistrate Judge McCook |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION AND BACKGROUND**

On February 18, 2025, the Clerk denied Plaintiffs Axis Dynamics, Inc., and Wendy Rose's application for default against Defendant William T. Ailor on the ground that the record did not show that Ailor had been properly served. [Doc. 56]. After performing a separate review of the record, the Court similarly concluded that Ailor had not been properly served and ordered Plaintiffs to show cause why their claims against him should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). [Doc. 57]. Plaintiffs have timely responded to this Order. [Doc. 59]. They raise two arguments: (1) that Ailor was properly served in his "individual capacity as a Knox County official" and (2) that if Ailor is not a Knox County official, the Court should grant them an extension of time to serve Ailor based on Knox County and Ailor's alleged gamesmanship that has prevented them from effectuating service.[1] [*Id.*]. Neither of these arguments is persuasive.

---

[1] Plaintiffs also appear to raise a third argument challenging the constitutionality of how Tennessee circuit court judges like Ailor are elected. [*See* Doc. 59 at ¶¶ 1–3]. Because this argument has no bearing on the issues before the Court (i.e., whether Ailor has been properly served and if not, whether an extension should be granted), the Court does not address it further.

Accordingly, the claims against Defendant William T. Ailor are **DISMISSED WITHOUT PREJUDICE** for the following reasons.

I. ANALYSIS

    1. **Plaintiffs have failed to properly serve Ailor.**

Plaintiffs assert that they are suing Ailor "in his individual capacity as an official of Knox County, Tennessee." [Doc. 59 at ¶ 6]. At first blush, this appears to suggest that they are not attempting to bring any official capacity claims against Ailor. But Plaintiffs also argue Ailor was served in accordance with Tennessee Rule of Civil Procedure 4.04(7), which addresses how to sue a county. [Doc. 59 at ¶¶ 7–8]. This suggests that Plaintiffs may actually be attempting to bring official capacity claims against Ailor. Accordingly, the Court will address why Plaintiffs have failed to serve Ailor both in his official and individual capacities out of an abundance of caution.

Plaintiffs claim that they served Ailor in accordance with Tennessee Rule of Civil Procedure 4.04(7)—and by extension Federal Rule of Civil Procedure 4—when they mailed a copy of the summons and complaint in this action to the Knox County government. [*See id.*; Doc. 59-1]. The problem with Plaintiffs' position, however, is that Ailor is not a Knox County official. Ailor is a circuit court judge. [Doc. 29 at ¶ 3]. In Tennessee, "the judges of the chancery, circuit and criminal courts are state officers, elected and commissioned as such, holding state offices, created and existing for distinctively and essentially State purposes[.]" *Rains v. Rains*, 428 S.W.2d 650, 654 (Tenn. Ct. App. 1968) (citing *Judges' Salary Cases*, 75 S.W. 1061 (Tenn. 1903)). As a result, "they are not county officers[.]" *Id.*; *see also* TENN. CODE ANN. § 17-1-203 ("The judges and chancellors are, notwithstanding § 17-1-102, judges and chancellors for the state at large…"). This is further demonstrated by the fact that a circuit court's jurisdiction is determined by the judicial district, rather than county, in which it sits. *See* TENN. CODE. ANN. § 16-2-506 (establishing

and defining Tennessee's judicial districts); *State v. Frazier*, 558 S.W.3d 145, 151 (Tenn. 2018) (discussing how a circuit court judge's jurisdiction is defined by the bounds of the judicial district to which the judge is assigned). Consequently, even if Plaintiffs properly served Knox County by mailing the summons and complaint to the Knox County government, such service would not be proper as to Ailor in either his individual capacity or in his capacity as an officer of the State of Tennessee. *See* TENN. R. CIV. P. 4.04(6) (describing how to serve the State of Tennessee or an agency thereof); FED. R. CIV. P. 4(e) (describing how to serve an individual within a judicial district of the United States) and (j)(2) (describing how to serve a state, local government, or any state-created governmental organization that is subject to suit); *Nashville Cmty. Bail Fund v. Gentry*, 446 F. Supp. 3d 282, 300 (M.D. Tenn. 2020) (noting that "the same person may require service in multiple different ways based on his different capacities, and service in one such way is not necessarily sufficient for another"). Therefore, the Court still finds that Ailor has not been properly served in this action.

**2. Plaintiffs are not entitled to an extension of time in which to serve Ailor.**

As an alternative to their assertion that Ailor has been properly served, Plaintiffs request that the Court grant them an extension of time in which to serve Ailor. [Doc. 59]. As grounds for this request, Plaintiffs assert that Knox County's counsel and Ailor engaged in a form of "legal gamesmanship" wherein counsel improperly suggested that she represented Ailor to frustrate Plaintiffs' efforts to effectuate service. [*Id.* at ¶¶ 10–12, 14–20]. As further evidence of this alleged gamesmanship, Plaintiffs point to the fact that Ailor almost certainly knows about the instant litigation but "has not to date even attempted to do a limited appearance[.]" [*Id.* at ¶¶ 18, 20]. Plaintiffs' arguments are not persuasive.

Starting with Plaintiffs' assertion that counsel for Knox County has improperly suggested she represents Ailor, this allegation is undercut by the record. When Knox County previously moved for an extension of time in which to respond to the first Complaint, it filed a November 1, 2024, email conversation between counsel for Knox County and Plaintiff Rose as an exhibit to its motion.[2] [Doc. 18-1]. In this email conversation, counsel for Knox County stated, in relevant part, "Judge Ailor is a state, not a county employee. *See Moore-Pennoyer v. State*, 515 S.W.3d 271 (Tenn. 2017)." [*Id.* at 2]. Rose responded by stating, "Yes, Russ[3] says Judge Ailor should be defended by the Attorney General's office and not yourself so we are not sure why Mr. Westling and you are conspiring and representing that you are Judge Ailor's attorney." [*Id.* at 1 (footnote added)]. Therefore, by Rose's own admission, Plaintiffs were aware that Ailor is not a Knox County official by November 1, 2024, at the latest. [*See id.*].

The record, however, contains no indication that Plaintiffs ever sought to act on this knowledge by properly serving Ailor. In fact, the record was void of any information concerning Plaintiffs' efforts to serve Ailor until after the Court entered its first Show Cause Order [Doc. 42]. On January 17, 2025, Plaintiffs moved to extend their deadline for responding to two motions to dismiss. [Doc. 46]. As part of this motion, Plaintiffs responded to the Court's Show Cause Order by indicating for the first time that Ailor had been served on September 26, 2024. [*Id.* at ¶ 1]. They supported this assertion with a certified mail receipt [Doc. 46-1] which the Court ultimately concluded failed to establish that Ailor had been properly served. [Doc. 57].

---

[2] Knox County's email was directed to Plaintiffs' counsel. [*See* Doc. 18-1]. That Rose responded was the product of the fact that Rose is also the legal assistant for Plaintiffs' counsel. [*See id.*].

[3] The Court presumes that "Russ" refers to Russ Egli, Plaintiffs' counsel in this matter, given that Knox County's email was directed to Mr. Egli. [Doc. 18-1].

Assuming that Plaintiffs were initially under the impression that Ailor was a Knox County official [*see* Doc. 59 at ¶ 16], that belief was shattered by November 1, 2024, at the latest. [*See* Doc. 18-1]. Therefore, while Plaintiffs may have believed that they were attempting to properly serve Ailor when they mailed their September service packet, they knew or should have known that this service was ineffective by November 1, 2024. [*See id.*]. But Plaintiffs did not attempt other forms of service after this date and when pressed by the Court to show cause why their claims against Ailor should not be dismissed, Plaintiffs relied on their September service attempt that, again, they knew or should have known, was improper.[4] [*See* Docs. 46, 46-1]. Thus, Plaintiffs' failure to properly serve Ailor does not appear to be the product of counsel for Knox County's "legal gamesmanship" as they claim. Rather, it appears to be the product of their counsel's own actions.

This conclusion is unaffected by Plaintiffs' argument that Ailor's failure to participate in these proceedings is further evidence of "legal gamesmanship." [*See* Doc. 59 at ¶¶ 18, 20]. While it is true that Ailor has not participated in this litigation, he has not had a reason to. As the Court has already noted, Ailor has not been properly served, and "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, *by formal process*." *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347 (1999) (emphasis added). Accordingly, Ailor's absence in this litigation does not show that he engaged in gamesmanship. Rather, it simply reflects the fact that he has not properly been served. And the Court is unwilling to find that this failure to serve was brought about by some kind of gamesmanship where the alleged misrepresentation was cleared up months before Plaintiffs' efforts to serve Ailor came under scrutiny.

---

[4] Plaintiffs also relied on their September 26, 2024, service attempt in their default application against Ailor. [Doc. 49-1 at ¶ 2).

For the foregoing reasons, the Court finds that Plaintiffs have failed to show good cause for their failure to serve Ailor. Therefore, they are not entitled to an extension of time in which to effectuate service pursuant to Federal Rule of Civil Procedure 4(m). But this does not end the Court's analysis. Even when a plaintiff fails to demonstrate good cause for extending the time to serve a defendant, "the court retains discretion as to whether or not to enlarge that timeframe." *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022). In the Sixth Circuit, courts consider the following factors when deciding whether to grant a discretionary extension of time to serve:

  (1) whether an extension of time would be well beyond the timely service of process;

  (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;

  (3) whether the defendant had actual notice of the lawsuit;

  (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;

  (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

  (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and

  (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Id.* at 569. In this case, these factors weigh against granting an extension.

Starting with whether an extension would be well beyond the timely service of process, this factor weighs against granting an extension. This matter was filed nearly seven months ago on August 7, 2024. [Doc. 1]. Federal Rule of Civil Procedure 4(m) requires that service be made in

- 6 -

Case 3:24-cv-00329-CEA-JEM   Document 60   Filed 03/05/25   Page 6 of 8   PageID #: 739

90 days but more than double that time has passed in this case without Ailor being properly served. An extension would only further exasperate this delay.

Turning next to whether Ailor would be prejudiced by an extension, this factor weighs slightly in favor of granting an extension because it is not readily apparent that Ailor would suffer any prejudice other than having to defend himself if an extension was granted. That said, the prejudice Ailor would suffer in mounting a defense is amplified by the fact that this case has been proceeding for seven months without him. If he were to participate in this case starting now, he would have significant catching up to. This limits the factor's weight.

Looking to whether Ailor has actual notice of this case, this factor also weighs slightly in favor of granting an extension. The record suggests that Ailor has some knowledge of this case, but the extent of his knowledge is unclear. [*See* Doc. 29 at 24–30]. Accordingly, if the Court were to grant Plaintiffs additional time to serve Ailor, it would not come as a shock to him were he to ultimately receive a summons and complaint. But it may surprise him to know what it is specifically that Plaintiffs are alleging and what has occurred in these proceedings since this case was filed. This limits the factor's weight.

As for whether refusing to grant an extension would prejudice Plaintiffs, Plaintiffs have brought their claims against Ailor pursuant to 42 U.S.C. § 1983. [Doc. 29 at ¶¶ 63–79, 87–96]. Therefore, their claims are subject to a one-year limitations period. *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). Ailor entered an order confirming the arbitration award in the state litigation underlying Plaintiffs' claims on February 21, 2024. [Doc. 54-1]. Assuming that no appeal was filed, it appears the Plaintiffs claims would be time-barred if an extension was not granted. Accordingly, this factor weighs in favor of granting an extension.

Regarding Plaintiffs' efforts to serve Ailor, the Court finds that this factor weighs strongly against granting an extension for the reasons discussed concerning Plaintiffs' failure to establish good cause for an extension. The next factor also weighs against granting an extension as Plaintiffs are not proceeding pro se in this matter. Instead, they are represented by counsel who should know the requirements and deadlines for serving defendants in federal court. Finally, the Court notes that it has not identified any other equitable factors that it should consider when evaluating whether Plaintiffs should be granted a discretionary extension.

Considering these factors together, the Court finds that a discretionary extension of time to serve Ailor is not warranted. While some of the factors weigh in Plaintiffs' favor, that weight in insufficient to overcome Plaintiffs' lack of diligence, the age of this case, and the fact that Plaintiffs are represented by counsel who should know the requirements for effectuating service.

## II. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs have failed to show good cause why they have not served Defendant William T. Ailor in accordance with Federal Procedure 4(m). The Court further finds that Plaintiffs are not entitled to an extension of time in which to serve Ailor either under Rule 4(m) or pursuant to the Court's discretion. Accordingly, the claims against Ailor are hereby **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(m). Ailor is no longer a defendant in this action.

**SO ORDERED**.

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**