UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| AXIS DYNAMICS, INC., and<br>WENDY ROSE,<br><br>    Plaintiffs,<br><br>v.<br><br>KNOX COUNTY, TENNESSEE, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 3:24-CV-329-CEA-JEM<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion for Additional Time to Serve Defendant Reece Brassler [Doc. 62]. For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** the motion [**Doc. 62**].

**I.    BACKGROUND**

On December 4, 2024, Plaintiffs filed their Amended Complaint that names Reece Brassler as a defendant [Doc. 29]. Under Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiffs had until March 4, 2025, to serve Defendant Brassler. On March 6, 2025, Plaintiffs filed their motion seeking an extension of the deadline [Doc. 62].

Plaintiffs state that "[o]n January 17, 2025, [they] dispatched the [A]mended [C]omplaint to [Defendant] Brassler through United States Certified Mail Return Receipt to his place of business[,] Kennerly Montgomery and Finley" [*Id.* ¶ 1 (citing Doc. 62-1)]. "For reasons unknown," Plaintiffs assert, "the mailing was sent to Kentucky" [*Id.* ¶ 2]. Plaintiffs state that this

"caused a significant delay in returning it to [their] counsel, who received it . . . on March 4, 2025" [*Id.*]. They state that they have "made a good faith effort to serve [Defendant] Brassler" [*Id.* ¶ 3]. They seek an additional ninety days to serve him [*Id.* at 2].

## II. ANALYSIS

Plaintiffs' request is governed under Rule 4(m), which provides as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

Fed. R. Civ. P. 4(m). The Sixth Circuit has explained that Rule 4(m) requires a two-step analysis when the plaintiff does not achieve service within ninety days. *Stewart v. TVA*, 238 F.3d 424, 2000 WL 1785749, at *1 (6th Cir. 2000) (table opinion). The Court must first determine whether plaintiff has shown good cause for the failure to serve. *Id.* If plaintiff has shown good cause, then the Court must grant the extension. *Id.*; *see also* Fed. R. Civ. P. 4(m). Whether plaintiff has established good cause is within "the sound discretion of the district court." *Williams v. Smith*, No. 98-1700, 1999 WL 777654, at *1 (6th Cir. Sept. 17, 1999). If the plaintiff has not shown good cause, then the Court may either dismiss the action without prejudice or order that service be completed. *Id.*

The Court finds that Plaintiffs have established good cause for an extension to serve Defendant Brassler. Plaintiffs took a reasonable and diligent effort to serve him, and there was a "delay in the return of the certified mail" [Doc. 62 ¶ 3]. *See Searcy v. GUUAS, LLC*, No. 2:19-CV-3124, 2020 WL 1694987, at *3 (S.D. Ohio Apr. 6, 2020) (concluding that the

2

plaintiff established good cause to serve the defendant because the plaintiff had been diligent in attempting to locate and serve the defendant). Accordingly, given that Plaintiffs have established good cause, the Court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

But Plaintiffs filed their motion after the March 4 deadline to serve. Pursuant to Rule 6(b)(1)(B), if "a party requests an extension of a deadline after that deadline has passed, the Court can grant an extension only on a motion and upon a finding of good cause and excusable neglect." *Boyd v. City of Warren*, No. 16-12741, 2019 WL 1423244, at *2 (E.D. Mich. Mar. 29, 2019) (citation omitted), *objections overruled sub nom.*, *Boyd v. McCabe*, No. 16-CV-12741, 2019 WL 3852582 (E.D. Mich. Aug. 16, 2019). There are four factors to determine excusable neglect: "(1) the danger of prejudice to defendant[]; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay, including whether it was within plaintiff's reasonable control; and (4) whether plaintiff acted in good faith." *Sydney v. Columbia Sussex Corp.*, No. 3:13-CV-312, 2014 WL 7156953, at *4 n.1 (E.D. Tenn. Dec. 15, 2014) (citation omitted). As noted, Plaintiffs attempted to serve Defendant Brassler by certified mail on January 17, 2025 [Doc. 62 ¶ 1]. According to Plaintiffs' counsel, he did not receive the returned mail receipt unitl March 4, 2025 [*Id*. ¶ 2]. Further, Plaintiffs recently added Defendant Brassler [*see* Doc. 29], there is no evidence that Defendant Brassler would be prejudiced by the delay, and there is no indication that Plaintiffs acted in bad faith. The Court therefore finds an extension is warranted.

Plaintiffs seek an additional ninety days to serve Defendant Brassler, but they do not provide an explanation on why that much time is needed. This is not a situation where Plaintiffs do not know Defendant Brassler's whereabouts. *Cf. Searcy*, 2020 WL 1694987, at *3 (granting

3

the plaintiff an additional ninety days to serve the defendant because she could not locate it). The Court therefore **ORDERS** Plaintiffs to serve Defendant Brassler on or before **April 2, 2025**.

## III. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion for Additional Time to Serve Defendant Reece Brassler [**Doc. 62**].

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge