**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**KNOXVILLE DIVISION**

AXIS DYNAMICS, INC. and WENDY ROSE,

Plaintiffs,

v. Case No. 3:24-cv-329

KNOX COUNTY, TENNESSEE, et al.

Defendants.

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT FIRST US BANK'S MOTION TO DISMISS**

Plaintiffs, through counsel, hereby respond to FUSB's Motion to Dismiss, [Doc. 36], and Memo in Support [Doc. 37] and in support of denying the same files a contemporaneous Memorandum of Law incorporated herein:

I. INTRODUCTION

Defendant First US Bank (hereinafter, "FUSB") moves to dismiss Plaintiff's breach of contract claim, arguing that third-party beneficiary status and res judicata bar their suit. Both arguments fail under settled law in Alabama, Tennessee, and the federal courts. The Construction Loan Agreement's draw provision and joint-payee options plainly manifest an intent to benefit contractors like Axis Dynamics Inc. (hereinafter "Axis"), despite the boiler point disclaimer. Likewise, the arbitration and confirmation orders addressed mechanics' lien priority under Tenn. Code Ann. § 66-11-106, not the distinct breach-of-contract theory asserted here; they do not preclude Plaintiffs' claims. Accordingly, FUSB's motion should be denied in all respects.

## II. STANDARD OF REVIEW

To survive dismissal under Rule 12(b)(6), a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). All well-pleaded facts are accepted as true and construed in the nonmovant's favor. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Legal conclusions "floated as though they were facts" are disregarded, but "naked assertions" may be enough when accompanied by factual detail that "nudge[s] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 555, 570.

## III. FACTUAL BACKGROUND

The Hawks engaged Axis to build their home under a written Construction Contract dated September 14, 2018. To fund the build, the Hawks obtained a Construction Loan Agreement from FUSB on September 19, 2018 ("Loan Agreement"). (Am. Compl. ¶¶13, 20.) FUSB requested that Axis open a bank account with them to distribute the construction funds. Axis opened a bank account and FUSB would transfer funds directly to it and also would pay the subcontractor for Axis. (Id. ¶, 25). The Agreement provides a detailed disbursement schedule of loan proceeds to the Hawks and, at FUSB's election, to contractors and material suppliers performing work on the Hawks' home. (Id. ¶¶17–19; Ex. A at §§11–12.) Paragraph 13(E) of the Loan Agreement's "No Third-Party Rights" clause states: "Bank and Borrowers did not intend to create any third-party beneficiary rights under this Agreement. No one other than Borrowers has any right to obtain or compel a disbursement of the Loan's reserves or proceeds." (Id., Ex. A §13(E).) Following the performance of the work by Axis and nonpayment by FUSB or the Hawks, Axis filed a mechanics and materialmen's lien for $69,800.00. (Id.

¶24; Ex. D.) Axis sued the Hawks and FUSB in Knox County Circuit Court, seeking a declaratory judgment that its lien had priority over FUSB's mortgage. (Id. ¶26; Ex. E.) The trial court compelled arbitration under the Hawks' Construction Contract, which incorporated AAA rules. (Id. ¶40.)

Before, Arbitrator Blankenship recused himself from the arbitration he entered an Interlocutory Order dismissing Axis's lien-priority claim against FUSB for failure to enforce the lien within one year, extinguishing the lien. (Ex. 2 at ¶II(1).)

Knox County Circuit Court confirmed the arbitration order[1], expressly finding "no pending claims" against FUSB and dismissing Axis's suit with prejudice. (Doc. 36-T at 2–3.) Plaintiffs filed this suit against FUSB as an intended beneficiary of the Loan Agreement, seeking to enforce the payment obligations reflected in the Agreement's disbursement provisions. (Am. Compl. ¶¶81–88.)

## IV. ARGUMENT

### A. Plaintiffs Have Adequately Pled Third-Party Beneficiary Status Under Alabama Law.

#### 1. Alabama Law and Third-Party Beneficiary Status

While the project is in Tennessee, this primarily affects performance obligation rather than the fundamental question of who qualifies as a third-party beneficiary which would fall under Alabama Law. Restatement § 187.

Under Alabama law, a non-party can enforce a contract only if the parties intended "to bestow a direct, as opposed to an incidental, benefit upon a third party." Brown v. Gadsden Reg'l Med. Ctr. LLC, 748 F. App'x 930, 933 (11th Cir. 2018) (citing

[1] Under RUAA Tenn. Code Ann.§ 29-5-312 provides that "the court shall confirm an award" only– by terms "final" award, and permits challenges by petition to vacate or modify. Interlocutory rulings fall outside the FAA's confirmation process.

Fed. Mogul Corp. v. Universal Constr. Co., 376 So. 2d 716, 723 (Ala. Civ. App. 1979)). Intent is derived from the contract itself when its language is plain. Ex parte Stamey, 776 So. 2d 85, 92 (Ala. 2000). Here, the Loan Agreement's payment provisions demonstrate a clear intent to benefit contractors and materialmen. Section 11(B) authorizes FUSB, at its option, to pay contractors directly from loan reserves upon delivery of sworn statements and lien waivers. (Ex. A §11(B).) That express mechanism confers a direct benefit upon Axis—payment of its earned contract balances—beyond mere incidental facilitation of the loan. See Beverly v. Macy, 702 F.2d 931, 940 (11th Cir. 1983) (policyholder was intended beneficiary where contract obliged servicer to send renewal notices). Even with a blanket "no third-party rights" clause, Ala. Code §7-5-116(4) permits enforcement when other provisions evince direct intent. See Landale Enters. v. Berry, 676 F.2d 506, 512 (11th Cir. 1982). Fed. Mogul, on which FUSB relies, involved ordinary supply contracts lacking any direct-pay mechanism. Fed. Mogul, 376 So. 2d at 723–24. Here, the special structure of construction-loan disbursements places Axis squarely within the parties' circle of assent.

Recent Alabama decisions reaffirm this approach. In Meridian Mut. Ins. Co. v. Huntsville, 141 So. 3d 415, 421 (Ala. 2013), the Supreme Court held that a nonparty may enforce a contract where the agreement's mechanics benefit the claimant. Likewise, Iskra v. Bear Roofing, LLC, 2024 Ala. LEXIS 131, at * 5 (Ala. June 14, 2024), cet. Denied, __ So.3d ___ (Ala. Aug. 23, 2024), recognized that a boilerplate disclaimer cannot defeat clear contractual intent to benefit third parties under Ex parte Stamey.

Further, the Construction Loan Agreement required FUSB to fund draws tied to completed work and permits joint disbursements to the Hawks and Axis (Ex. 3, ¶ 11.B),

demonstrating an intent to assure contractors' payment. See Ex Parte Stamey, 776 So. 2d 85, 92 (Ala. 2000) (contract terms and circumstances showing third-party focus overcome a general disclaimer). FUSB's disclaimer ("did not intend to create any third-party beneficiary rights. "Ex. 3, ¶ 13.E) is thus "incidental" to a contract plainly designed to secure contractor payment. Fed. Mogul, 376 So. 2d at 724.

FUSB's reliance on Aliant Bank v. Four Star Invs., Inc., 224 So. 3d 896 (Ala. 2017) is inapt. Aliant addressed an arm's-length equity arrangement where no payment-to-party mechanism existed and rejected beneficiary status where the contract's sole purpose was lender-borrower terms. Id. at 934-35. Here, the loan's core function was to finance construction and guarantee draws to contractors—materially different from Aliant's purely financial agreement.

B. Plaintiffs Have Stated Plausible Claims Under Twombly/Iqbal Standards.

Plaintiffs have alleged: (1) execution of a valid loan agreement that contemplates direct-pay disbursements; (2) Axis's performance by providing labor and materials; (3) FUSB's contractual option to pay Axis upon application; and (4) Axis's damages from nonpayment. (Am. Compl. ¶¶17–19, 28–34, 84–88.) These facts, accepted as true, permit the "reasonable inference" of liability. Twombly, 550 U.S. at 556. There are no heightened pleading requirements for breach-of-contract claims, and fraud is not alleged against FUSB. Plaintiffs need not plead more than "simple, concise, and direct" factual allegations showing entitlement to relief. Johnson v. City of Shelby, 574 U.S. 10, 12 (2014).

C. Res Judicata Does Not Bar Plaintiffs' Claims.

Res judicata requires: (1) a final judgment on the merits; (2) same parties or privies; (3) same cause of action; and (4) finality. Creech v. Addington, 281 S.W.3d 363, 380 (Tenn. 2009).

That order confirmed only the arbitrator's narrow ruling extinguishing Axis's lien; it did not consider or resolve whether Axis could enforce the Loan Agreement's direct-pay provisions. (Ex. 2; Doc. 36-T.) Confirming an interim lien-priority ruling is distinguishable from adjudicating all contractual rights. See Rainbow Ridge Resort, LLC v. BB&T Co., 525 S.W.3d 252, 264–65 (Tenn. Ct. App. 2016).

Res judicata bars claims that were or could have been litigated in a prior suit arising from the same transaction or series of transactions. Creech v. Addington, 281 S.W. 3d 363, 380 (Tenn. 1987) (adopting transactional test). The arbitration addressed only the priority of mechanics' liens under Tenn. Code Ann. § 66-11-106; it did not address breach of contract or third-party beneficiary status. Massengill v Scott, 738 S.W. 2d 629, 631 (Tenn. 1987) ("res judicata bars a second suit . . . on the same cause of action'). Plaintiffs' contract claim is legally and factually distinct from the lien on the real property.

V. CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Plaintiffs respectfully request that the Court deny FUSB's Motion to Dismiss in its entirety.

Respectfully submitted,

s/Russ Egli
Russ Egli, BPR#24408
The Egli law Firm
11109 Lake Ridge Drive, FL3
Knoxville, TN 37934
865-274-8872
theeglilawfirm@gmail.com

*Attorney for the Plaintiffs*

**ECF CERTIFICATE OF SERVICE**

I, the undersigned authority certify that a true and accurate copy of this Response has been sent to all counsel of record through this Court's ECF filing system.

s/Russ Egli
Russ Egli, BPR#24408
The Egli law Firm