**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**KNOXVILLE DIVISION**

AXIS DYNAMICS, INC. AND WENDY ROSE,

Plaintiffs,

v. Case No. 3:24-cv-329

KNOX COUNTY, TENNESSEE, et al.

Defendants.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF RESPONSE IN OPPOSITION TO DEFENDANTS FIRST US BANK'S MOTION TO DISMISS**

Plaintiffs, through counsel, hereby respond to FUSB's Motion to Dismiss, [Doc. 36], and Memo in Support [Doc. 37] and in support of denying the same in all respects would state the following:

## I. INTRODUCTION

This memorandum analyzes two distinct but related issues: (1) whether a non-party contractor qualifies as an intended third-party beneficiary under Alabama law to enforce draw/disbursement provisions of a construction loan agreement, and (2) when a prior arbitration proceeding and its confirmation constitute a final judgment on the merits, thereby triggering res judicata under Tennessee law.

## II. THIRD-PARTY BENEFICIARY STATUS UNDER ALABAMA LAW

### A. Legal Framework

Under Alabama law, only a non-party who is an intended, not incidental, beneficiary may enforce a contract. Ala. Code § 7-5-116(4) permits enforcement by a third party despite a "no third-party rights" clause when other provisions show an intent

to benefit that party. Restatement (Second) of Contracts § 302 similarly provides that a promise in a contract creates a third-party beneficiary right if the promisor intends the promisee to give the beneficiary the benefit of the performance.

B. Direct vs. Incidental Benefit Test

Alabama requires that contracting parties intend to "bestow a direct, as opposed to an incidental, benefit upon a third party." Ex parte Stamey, 776 So. 2d 85, 92 (Ala. 2000). In Federal Mogul Corp. v. Universal Constr. Co., the Court of Civil Appeals held that supply contracts lacking payment-to-subcontractor mechanisms did not confer enforceable third-party rights. 376 So. 2d 716, 723–24 (Ala. Civ. App. 1979).

C. Construction Loan Context

Construction loan agreements often include draw provisions permitting direct payment to contractors upon submission of sworn statements and lien waivers. Such mechanisms evidence an intent to benefit contractors directly. In Brown v. Gadsden Reg'l Med. Ctr. LLC, the Eleventh Circuit recognized that a direct-payment requirement created a third-party beneficiary right. 748 F. App'x 930, 933–34 (11th Cir. 2018).

D. Effect of Disclaimer Clauses

Boilerplate "no third-party rights" clauses do not override other provisions showing intent to benefit a third party. Ala. Code § 7-5-116(4). In Aliant Bank v. Four Star Invs., Inc., the Alabama Supreme Court refused to permit third-party enforcement where the contract was purely financial with no direct-pay mechanism. 224 So. 3d 896, 934–35 (Ala. 2017). By contrast, Meridian Mut. Ins. Co. v. Huntsville held that an insurer's obligation to issue renewal notices conferred a direct benefit on insureds' lessees despite a disclaimer. 141 So. 3d 415, 421 (Ala. 2013). Most recently, Iskra v.

Bear Roofing, LLC reaffirmed that a disclaimer cannot defeat clear contractual intent to benefit a third party when the contract's mechanics directly serve that party. 2024 Ala. LEXIS 131, at *5 (Ala. June 14, 2024).

## III. RES JUDICATA UNDER TENNESSEE LAW

### A. Elements of Res Judicata

Under Tennessee law, res judicata (claim preclusion) requires:

1. a final judgment on the merits;
2. identity of the parties or their privies;
3. the same cause of action; and
4. finality such that the prior decision is unappealable.

Creech v. Addington, 281 S.W.3d 363, 380 (Tenn. 2009).

### B. Finality Requirement

A "final judgment" must resolve all claims as to the parties. Interim or interlocutory orders do not qualify. Under the Tennessee Uniform Arbitration Act (TUAA), Tenn. Code Ann. § 29-5-312, a court "shall confirm an award" only after a final arbitration award is rendered and no timely grounds for vacatur or modification have been urged. See T.C.A. § 29-5-312. In Rainbow Ridge Resort, LLC v. BB&T Co., the court distinguished interim rulings from confirmation orders that dispose of all claims. 525 S.W.3d 252, 264–65 (Tenn. Ct. App. 2016).

### C. Same Cause of Action – Transactional Test

Tennessee applies the "transactional test": if the two suits arise from the same

transaction or series of transactions, they involve the same cause of action. Massengill v. Scott, 738 S.W.2d 629, 631 (Tenn. 1987). A mechanic's lien priority dispute under Tenn. Code Ann. § 66-11-106 is distinct from a breach-of-contract claim to enforce direct-pay provisions.

D. Arbitration Context

Only a final arbitration award confirmed by a court qualifies for res judicata. Interim or interlocutory rulings—such as decisions dismissing particular claims—do not resolve all issues between the parties and thus are not final judgments on the merits. Parties remain free to assert contract claims not addressed in the arbitration.

## IV. APPLICATION TO CONSTRUCTION LOAN SCENARIOS

A. Third-Party Beneficiary Analysis

In a typical construction loan: the lender agrees to fund draws tied to completed work, authorizing direct payment to contractors upon submission of lien waivers and inspector certifications. These provisions manifest intent to benefit contractors directly. A "no third-party rights" clause cannot negate such clear contract mechanics under Ala. Code § 7-5-116(4) and Ex parte Stamey. Contractors performing work and submitting draw applications may enforce payment obligations as intended beneficiaries.

B. Res Judicata Analysis

If a contractor first litigates lien-priority issues in arbitration and obtains only an intermittent ruling, that ruling is not a final judgment on the merits of contract-payment claims. Under TUAA § 29-5-312 and Tennessee precedents, only a confirmed final award extinguishes claims. A contract-enforcement claim remains viable if it was neither

litigated nor decided in the arbitration. Claim preclusion does not apply unless the arbitration confirmation order disposed of that breach-of-contract claim with finality.

V. CONCLUSION

Under Alabama law, construction loan draw/draw-pay provisions evince an intent to confer direct third-party beneficiary rights, overcoming general disclaimer clauses. Under Tennessee law, res judicata bars only those claims resolved by a final, confirmed arbitration award; interim arbitration orders do not meet the final-judgment requirement. Accordingly, contractors may enforce payment rights under Alabama law, and contract claims remain available in Tennessee unless a confirmed final arbitration award has adjudicated them on the merits.

WHEREFORE, for all the foregoing reasons, including the Response to the Motion to Dismiss and the record as a whole, the Plaintiffs pray that FUSB's Motion to Dismiss be denied in all respects.

Respectfully submitted,

s/Russ Egli

Russ Egli, BPR#24408
The Egli Law Firm
11109 Lake Ridge Drive, FL3
Knoxville, TN 37934
865-274-8872
F: 855-827-0624

*Attorney for Plaintiffs*

**ECF CERTIFICATE OF SERVICE**

I, the undersigned authority, certify that a true and accurate copy of the foregoing Memorandum of Law has been sent to all counsel of record through this court's electronic filing system.

s/Russ Egli
Russ Egli, BPR#24408
The Egli Law Firm